No. 90-292

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

IN THE MATTER OF THE GRIEVANCE OF:

DORIS I. BRANDER,

      Petitioner and Respondent,

  v.

DIRECTOR, MONTANA DEPARTMENT OF
INSTITUTIONS,

      Respondent and Appellant.

APPEAL FROM:   District Court of the First Judicial District,
                In and for the County of Lewis and Clark,
                The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          James Obie, Legal Counsel, Department of
          Institutions, Helena, Montana

      For Respondent:

          Peter Michael Meloy, The Meloy Law Firm, Helena,
          Montana

FILED

FEB 19 1991

Filed:

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on briefs: January 10, 1991

Decided: February 19, 1991

_____
            Clerk

# CORRECTION

Date 2/20/91

EDITORIAL DEPARTMENT
West Publishing Co., P.O. Box 64526, St. Paul, MN 55164-0526

9979

ATTENTION: PLATE CORRECTIONS

Please make the following correction in the opinion in the case of:

Title: No. 90-292

Bronder v. Dept of Institutions

Vol. _____ Rptr. _____ Pages 7 + 8

In first / second column, line _____ from top / bottom.

§ 2-4-704(2)(vi), MCA, (p.7)
AND
§ 2-4-704(2)(a)(v), MCA,

should read § 2-4-704(2)(a)(v), MCA (p 7)
AND
§ 2-4-704(2)(a)(vi), MCA,

Signed _____

The expense of making changes is such that we cannot undertake it for changes in typographical style or spacing.

West Publishing Co.

N182e
Item 509

Justice Terry N. Trieweiler delivered the Opinion of the Court.

Doris I. Brander petitioned the District Court of the First Judicial District in Lewis and Clark County for judicial review pursuant to § 2-4-702, MCA, of a decision by the Director of the Department of Institutions for the State of Montana. That decision rejected the findings of the Department's grievance committee to the effect that petitioner had been wrongfully denied employment within the Department. The District Court reversed the decision of the Director and remanded the matter to the Department of Institutions with the order that it adopt the recommendation of the grievance committee. From that judgment, the Department appeals. We affirm.

The Department asserts that the issue on appeal is:

Whether the District Court applied the proper standard for reviewing an agency decision pursuant to § 2-4-704, MCA?

Brander asserts that the issue on appeal is more properly stated as follows:

Whether the District Court correctly concluded that the Director of the Department of Institutions failed to properly apply § 2-4-621(3), MCA, when reviewing factual determinations made by its duly appointed grievance committee.

Section 2-7-704, MCA, sets forth the statutory standards for judicial review of agency decisions. It provides in relevant part as follows:

**2-4-704. Standards of review.** (1) . . .

1

(2) The court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.. . . The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because:

(a) the administrative findings, inferences, conclusions, or decisions are:

(i) in violation of constitutional or statutory provisions;

(ii) in excess of the statutory authority of the agency;

(iii) made upon unlawful procedures;

(iv) affected by other error of law;

(v) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;

(vi) arbitrary and capricious or <u>characterized by abuse of discretion or clearly unwarranted exercise of discretion</u>; (Underlining added.)

Section 2-4-621, MCA, is also found in the Administrative Procedure Act in that chapter which sets forth the procedures to be followed by state agencies in deciding contested cases. Section 621 pertains to those situations where the agency official who renders the decision is not the person who personally heard or observed the evidence. Subsection (3) provides in relevant part as follows:

(3) . . . The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the proposal for decision <u>but may not reject or modify findings of fact unless the agency first determines from a review of the complete record and states with particularity in the order that the findings of fact were not based upon competent substantial evidence</u> or that the proceedings on which the findings were based did not comply with essential requirements of law . . . (Underlining added.)

2

We conclude that an answer to the issue raised by the appellant is dependent upon the answer to the issue raised by the respondent. We further conclude that a resolution of those issues is dispositive of this case, and, therefore decline to address the second issue raised by the appellant.

## Summary of the Facts

Doris Brander went to work at Warm Springs State Hospital as the medical records supervisor in 1976. From 1981 until 1986, she worked under the supervision of Jane Edwards, who was the director of Treatment and Residential Services. During that time, petitioner had strained relations with Edwards over the appropriate procedure to be followed in the medical records department and over petitioner's approach to dealing with employees who were under her supervision.

In February of 1986, Edwards became the superintendent of the Montana State Hospital. In that capacity, she recommended to Carroll South, the Director of the State Department of Institutions, that the position of medical records supervisor at Warm Springs be consolidated with the corresponding position at Galen State Hospital and that there be one supervisor for both institutions. That recommendation was accepted by South in July of 1986 and petitioner was advised of the Department's intention in mid-August of 1986.

Edwards appointed an interview committee consisting of four people to interview and evaluate applicants for the combined position. In early September the petitioner and Billy Holmlund,

her counterpart, at Galen State Hospital, were notified of the new position. They were invited to apply and were advised that theirs were the only applications that would be accepted.

On October 7, the committee interviewed the two applicants and evaluated them in four areas. The formal appraisal, awarded points in (1) education and training; (2) work experience; (3) the interview; and, (4) past work performance. As a result of that appraisal, Holmlund received a total of 225 points and the petitioner received 137 points. The following day, petitioner was notified that Holmlund would be hired for the combined position of medical records supervisor of the Montana State Hospitals and petitioner was terminated from employment effective October 24, 1986.

Petitioner filed an employee grievance which was finally accepted by the Department on December 2, 1986. Pursuant to Departmental rules for non-union grievances, a three person committee was selected to hear evidence of the petitioner's grievance. One committee member was chosen by the petitioner; one was chosen by the Department; and, those two members selected a third member to act as chairperson of the committee.

The grievance committee met on July 11, 1988. They heard testimony from the petitioner, Jane Edwards, and several other witnesses, including members of the evaluation committee. At the hearing, petitioner testified that she had not been hired because she had been treated in a discriminatory fashion by Edwards and because of other errors made in the evaluation process. Prominent

among those errors was the interview committee's failure to credit her with 30 points to which she was entitled because of her four years of education in the field of medical records.

On July 15, 1988, the committee unanimously found that the petitioner and Edwards had a troubled working relationship which adversely affected her work evaluations (Ray Lappin, a member of the evaluation committee had previously testified that in order to evaluate petitioners prior work performance the committee simply looked at her evaluation forms. This category, alone, resulted in petitioner's loss of 67 points compared to Holmlund in the formal appraisal that was done).

In addition, the grievance committee found as a matter of fact that the evaluation was unfair to the petitioner because of inadequate credit to her for her education, inadequate credit to her for her work experience, and general misapplication of the interview process which made it unreliable. The committee found that the cumulative effect of these mistakes was a misapplication of the Department of Institutions personnel policies and procedures. As a result, the committee recommended that the petitioner be made whole by the payment of the salary for a combined medical records supervisor from the date of her termination, less any income she might have earned in the interim.

The committee's unanimous recommendations were passed along to Carroll South, who had the responsibility for entering a final decision of the Department of Institutions. Without conducting an

5

additional hearing or receiving any additional evidence, South

rejected two of the committees factual findings:

>(1) He stated that there was nothing in the record to indicate that the grievance committee received into evidence any of the petitioner's performance evaluations and that, therefore, there was no evidence in the record to sustain the grievance committee's finding that petitioner's "troubled relationship with Edwards" adversely affected her appraisal.

>(2) While agreeing that petitioner had been awarded 30 points less than she should have received in her formal appraisal, he determined that that deficiency, plus any other irregularities in the interview and appraisal were not sufficient to have changed the evaluation committee's overall result.

Based upon these findings, South rejected the recommendations

of the grievance committee.

On November 10, 1988, Brander petitioned the District Court

for the First Judicial District in Lewis and Clark County to review

the Director's decision pursuant to the provisions of § 2-4-702,

MCA. The District Court considered a transcript of the grievance

committee hearing, the records reviewed by the Director of the

Department and the briefs and arguments of the parties. Based upon

that information, the District Court concluded that there was

factual evidence to support the grievance committees factual

findings and that by rejecting those factually supported findings,

South violated § 2-4-621(3), MCA. The District Court concluded

that in doing so South exceeded his statutory authority and abused

his discretion under § 2-4-704, MCA. The District Court reversed

the decision of the Department of Institutions and remanded with

an order that it adopt the recommendation of the grievance

committee.

On appeal, the Department argues that the District Court had no authority to reverse or modify the Department's decision unless the petitioner's substantial rights were prejudiced for one of the reasons set forth in § 2-4-704, MCA. That is correct.

The appellant then, however, proceeds from the incorrect premise that the District Court's decision was based solely upon its reversal of factual findings made by the Department and sets forth authority, including City of Billings v. Billings Firefighters, Local 251 (1982), 200 Mont. 421, 651 P.2d 627 and Chagnon v. Hardy Construction Co. (1984), 208 Mont. 420, 680 P.2d 932 for the proposition that an agency's factual determinations cannot be overturned unless they are clearly erroneous in view of the evidence in the record. The Department argues that since there was evidence in the record (the testimony of Jane Edwards) to support the Director's findings, they were not clearly erroneous.

The Department's argument would be persuasive if the District Court's decision was rendered pursuant to § 2-4-704(2)(vi), MCA, which provides in relevant part that:

> (2) . . . The court may reverse or modify the decision if substantial rights of the appellant had been prejudiced because:
>
> (a) The administrative findings, inferences, conclusions, or decisions are:
>
> . . .
>
> (v) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record.

However, the District Court's decision was based upon the next subparagraph of § 2-4-704, MCA, which allows reversal if the Department's findings were, "(vi) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; . . ."

The District Court concluded that it was an abuse of the Director's discretion to reject the factual findings of the grievance committee if, in doing so, he violated § 2-4-621(3), MCA. That section, as previously pointed out, prohibits the Director, who neither heard nor personally observed the testimony from arbitrarily rejecting the factual findings of the grievance committee which actually did hear and observe the witnesses. Before he can do so, the Director must first determine from a review of the complete record that the grievance committee findings were not based upon "competent, substantial evidence." We agree with the District Court that if the Director rejected the grievance committee's factual recommendations in violation of this section, it constituted an abuse of discretion within the meaning of § 2-4-704(2)(a)(v), MCA.

II.

The remaining issue is whether the District Court properly concluded from its review of the record that there was competent, substantial evidence to support the factual findings of the grievance committee. We conclude that there was.

8

The petitioner testified that in 1985, Edwards threatened her with disciplinary action for going over her head in a dispute over the proper procedure for preserving medical records. She further testified that in a continuation of the bad relationship which was caused by that experience and in the process of evaluating her as an employee, Edwards criticized her ability to supervise other employees. The petitioner clearly testified that she was rated poorly as an employee by Edwards for these reasons.

Ray Lappin, who succeeded Edwards as the petitioner's supervisor, and who served as a member of the selection committee testified that in order to evaluate the applicant's past work performance, the committee simply looked at her previous evaluation forms.

As a result of past evaluations, Holmlund received 100 points in her formal appraisal and the petitioner received only 33. If that disparity was the result of discriminatory action by Edwards, then it, in combination with the 30 points that the Director admits petitioner should have received for her prior education would have more than made up the difference in the total number of points received by Holmlund and petitioner.

The question is, therefore, whether there was substantial evidence to support the grievance committee's finding that petitioner's poor working relationship with Edwards was directly related to the termation of her employment.

The petitioner testified that it did. The direct evidence of one witness who is entitled to full credit is sufficient for the proof of any fact. Section 26-1-301, MCA.

Therefore, the District Court was correct in its conclusion that by rejecting the grievance committee's findings South violated § 2-4-621(3), MCA.

For these reasons, the District Court decision and order is affirmed and this matter is remanded to the District Court for implementation of its judgment dated March 2, 1990 which orders that:

> . . . The decision of the Department of Institutions is reversed and the matter is remanded with the order to adopt the recommendation of the grievance committee.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

10