No. 94-361

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

VELMA MORAN n/k/a VELMA FUGATE,

    Petitioner, Respondent
and Cross-Appellant,

  v.

SHOTGUN WILLIES, INC.,

    Respondent, Appellant
and Cross-Respondent.

FILED

FEB 15 1995

Ed South
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Maurice R. Colberg, Jr., Judge
presiding.


COUNSEL OF RECORD:

    For Appellant:

        Phillip R. Oliver and Patrick E. Kenney, Oliver,
Graves, Toennis & Gustafson, P.C., Billings, Montana

    For Respondent:

        Jeffrey T. Renz & Associates, Missoula, Montana


        Submitted on Briefs:  January 12, 1995

              Decided:  February 15, 1995

Filed:

_____
        Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Shotgun Willies, Inc. (Shotgun Willies), appeals a judgment of the District Court for the Thirteenth Judicial District, Yellowstone County. That court ordered the Montana Human Rights Commission to adopt the findings and conclusions of its hearing examiner, which the Commission had previously rejected. The court's ruling reinstated a decision in favor of Velma Moran, n/k/a Velma Fugate (Fugate), on her complaint of employment discrimination by Shotgun Willies. We affirm.

The issues are:

1. Did the District Court apply the proper standard of review of an administrative agency order?

2. Must the decision of the Montana Human Rights Commission be upheld because the Commission properly followed statutory procedure?

On cross-appeal, Fugate argues that the Commission incorrectly denied punitive damages

From May 1988 to February 1989, Fugate worked as a bartender and cocktail waitress at Shotgun Willies, a bar in Yellowstone county, Montana, featuring nude female dancers. On February 14, 1989, the owner of Shotgun Willies informed Fugate and another female bartender that they were laid off. He told the two women that a third bartender, a male, had resigned and been rehired.

Fugate filed a complaint with the Montana Human Rights Commission. At the hearing on her complaint, she testified that when the owner of Shotgun Willies laid her off, he told her he

planned to hire only male bartenders from then on. She also presented evidence that the only females hired as bartenders between the date of her discharge and the date she filed her complaint with the Commission also worked as nude dancers at Shotgun Willies.

It was Shotgun Willies' position that Fugate was laid off in the course of management reorganization and as a result of poor job performance. Additionally, the owner of Shotgun Willies testified that Fugate and the other female bartender, like the male bartender, were given the option of reapplying for their jobs, but that they did not take advantage of that option.

After hearing the evidence presented by both parties, the hearing examiner for the Montana Human Rights Commission found that "[b]etween February 1989 and May 1989, nude dancing was a condition of hire for women who would tend bar" at Shotgun Willies. This constituted unlawful discrimination on the basis of sex, concluded the hearing examiner. She entered extensive findings and conclusions in which she found in favor of Fugate and proposed that Fugate be awarded back pay, front pay for six months from the date of the hearing, and $5,000 in damages for emotional distress.

The Human Rights Commission reviewed each finding of fact and conclusion of law of the hearing examiner. The Commission comprehensively modified the findings and conclusions of the hearing examiner and reversed the decision, dismissing the case. Fugate appealed to District Court.

The District Court engaged in an extensive written review of the findings and conclusions of both the hearing examiner and the Commission. It determined that the Human Rights Commission had exceeded its authority in reversing the findings and conclusions of its hearing examiner. The court ordered that the findings and conclusions of the hearing examiner be adopted by the Commission. Shotgun Willies appeals.

## Issue 1

Did the District Court apply the proper standard of review of an administrative agency order?

Actions brought before the Montana Human Rights Commission are subject to the requirements of the Montana Administrative Procedure Act (MAPA). The standard of review of an agency decision under MAPA is set forth at § 2-4-704(2), MCA. That statute provides, in relevant part:

> The court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because:
>
> (a) the administrative findings, inferences, conclusions, or decisions are:
>
> . .
>
> (vi) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion[.]

Section 2-4-704(2)(a)(vi), MCA.

This Court has held that it is an abuse of discretion pursuant to the above subsection for an agency to modify the findings of a

4

hearing examiner in violation of § 2-4-621(3), MCA.  Brander v. Director, Dept. of Inst. (1991), 247 Mont. 302, 307-08, 806 P.2d 530, 533.  That statute provides, in relevant part:

> The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the [hearing examiner's] proposal for decision but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record and states with particularity in the order that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law.

Section 2-4-621(3), MCA.

Shotgun Willies points out that there is no provision in § 2-4-621(3), MCA, prohibiting an agency from substituting its judgment for that of the hearing examiner as to the weight of the evidence on questions of fact.  It argues that it is within an agency's discretion to reject its hearing examiner's findings.

Section 2-4-621(3), MCA, allows an agency to reject findings of a hearing examiner if the agency first determines that the findings "were not based upon competent substantial evidence." Whether findings are supported by substantial evidence is an issue of law.  Carman v. Montana Cent. Ry. Co. (1905), 32 Mont. 137, 139, 79 P. 690, 691; see Brander, 806 P.2d at 533-34.  As to issues of law, the standard of review is whether the agency's determination was correct.  Steer, Inc. v. Dept. of Revenue (1990), 245 Mont. 470, 803 P.2d 601. An agency's reversal of the findings of fact of its hearing examiner will not pass muster on judicial review unless the court determines as a matter of law that the hearing examiner's findings are not supported by substantial evidence.

5

Shotgun Willies argues that if the District Court's standard of review is to look at the findings of the hearing examiner de novo, then the presumption accorded to an agency decision under § 2-4-704(2), MCA, is lost. However, the presumption in favor of an agency on matters within its expertise normally includes a presumption in favor of the hearing examiner. The presumption is "lost" to the agency only when the agency disagrees with its own hearing examiner. This is consistent with the deference properly given to the original finder of fact--in this case, the hearing examiner

> A hearing examiner, when one is used, is in the unique position of hearing and observing all testimony entered in the case. In the present case, none of the Board members heard the evidence "live;" they were limited to reviewing a cold record. The findings of the hearing examiner, especially as to witness credibility, are therefore entitled to great deference.

Brackman v. Board of Nursing (1993), 258 Mont. 200, 205-06, 851 P.2d 1055, 1058.

In this case, the District Court described its standard of review under §§ 2-4-621(3) and 2-4-704(2), MCA, as follows:

> As to any finding of fact made by the hearing examiner which is rejected or modified by [the Commission] the Court should itself review such finding of the hearing examiner to determine whether it was "based upon competent substantial evidence" under § 2-4-621(3), MCA. If the Court makes a determination that such finding was so supported it should then determine that the rejection or modification by [the Commission1 of such finding was "characterized by abuse of discretion or clearly unwarranted exercise of discretion" under § 2-4-704(2)(a)(vi), MCA.

We agree with the District Court's description of its standard of review. We conclude that the District Court applied the proper standard of review of an agency decision.

## Issue 2

Must the decision of the Montana Human Rights Commission be upheld because the Commission properly followed statutory procedure?

Shotgun Willies argues that an agency may overturn findings of fact if it follows proper procedure "and states with particularity in the order that the findings of fact were not based upon competent substantial evidence," pursuant to § 2-4-621(3), MCA. It points out that the Commission diligently reviewed each finding of fact and conclusion of law of the hearing examiner and gave specific reasons for each of its modifications and rejections of her findings. Shotgun Willies argues that once the agency has complied with the procedural requirements, there no longer can be an abuse of discretion. It points out that here, unlike in Brackman or Brander, no substantial procedural errors are present.

As noted above under Issue 1, a determination of whether findings of fact are supported by substantial evidence is an issue of law. Not only must the agency state that the findings were not based upon substantial evidence, but that statement must be true, as a matter of law.

The District Court determined that the Human Rights Commission improperly weighed inconsistent testimony to determine what inference was to be drawn from such testimony. The court agreed

7

with Fugate that this case turned on the conflicting testimony of four witnesses--Fugate and the other female bartender who was laid off, the owner of Shotgun Willies, and the male bartender who resigned and was rehired. The hearing examiner found the testimony of the owner and the male bartender not credible.

We have reviewed the record and the hearing examiner's findings of fact, including the examples raised by Shotgun Willies. We agree with the District Court that:

> In totality the findings of fact of the hearing examiner were supported by competent substantial evidence in the record or reasonable inferences to be drawn from such evidence.

Therefore, we conclude that while the procedure followed by the Montana Human Rights Commission was correct, its legal conclusions concerning the sufficiency of the evidence to support the hearing examiner's findings were incorrect. The District Court did not err in reversing the Commission.

## Cross-appeal

Did the Commission incorrectly deny punitive damages?

Fugate argues as follows: In prohibiting discrimination, Article II, Section 4 of the Montana Constitution creates a legal and enforceable right. The remedies for violation of that right may not be changed, abridged, or eliminated by the legislature. At the time the Montana Constitution was adopted, a victim of an intentional act could recover exemplary damages. Therefore, interpreting § 49-2-509(7), MCA, to prohibit punitive damages based on her constitutional claim renders that statute unconstitutional.

8

The flaw in Fugate's reasoning lies in inferring that her constitutional right to nondiscrimination results in a right to the remedy of punitive damages. There is no constitutional right to an award of punitive damages. Romero v. J. & J. Tire (1989), 238 Mont. 146, 150, 777 P.2d 292, 295, citing White v. State (1983), 203 Mont. 363, 370, 661 P.2d 1272, 1275, overruled on other grounds, Meech v. Hillhaven West, Inc. (19891, 238 Mont. 21, 776 P.2d 488.

We affirm the decision of the District Court.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

9

February 1.5, 1995

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Phillip R. Oliver
Patrick E. Kenney
Oliver, Graves, Toennis & Gustafson, P.C.
Box 7227
Billings MT 59103-7227

Jeffrey T. Renz & Associates
Attorneys At Law
201 Westview
Missoula MT 59802

Montana Human Rights Commission
Paulette Kohman, Agency Counsel
Box 1728
Helena MT 59624-1728

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy