JUSTICE TRIEWEILER
dissents.
¶27 I dissent from the majority’s conclusion that the Attorney General did not abuse his discretion when he reversed findings of fact made by the Department’s hearing examiner. I would conclude that the District Court erred when it affirmed the order of the Attorney General.
¶28 In Brander v. Montana Dep’t of Insts. (1991), 247 Mont. 302, 806 P.2d 530, we held that before a director of an agency or the head of a department who neither heard nor personally observed testimony *85 given at a hearing can reject the factual findings of the person who actually heard and observed the evidence, the director must determine from a review of the complete record that the findings were not based upon “competent, substantial evidence.” Brander, 247 Mont. at 308, 806 P.2d at 533. We held that if a department director does reject a hearing examiner’s factual findings which are supported by substantial evidence, then it constitutes an abuse of discretion within the meaning of § 2-4-704(2)(a)(vi), MCA, and is a basis for reversal of the director’s decision in a court of law.
¶29 The majority concludes, without analyzing the hearing examiner’s findings, that it is irrelevant whether they were supported by substantial evidence because the Attorney General, when he rejected the recommendation of the hearing examiner, simply applied the facts to Department policy and, assuming the findings of the hearing examiner were correct, that policy was violated. I disagree.
¶30 Department policy prohibited engaging in illegal activity without the approval of the Attorney General. However, transportation of contraband by law enforcement officials so that it can be preserved as evidence is not illegal. Neither is there any specific law which makes it illegal for a law enforcement officer to display that contraband to a third person during the course of its transportation.
¶31 The hearing examiner found that the contraband was displayed without any suggestion that it was available for sale during the normal course of its transportation within the scope of Brady’s professional responsibilities. Therefore, he concluded that Brady’s conduct was not illegal. In rejecting the hearing examiner’s recommendation, the Attorney General had to reject a number of his findings and reweigh the credibility of the witnesses who testified before the hearing examiner without the benefit of having personally observed the demeanor of those witnesses and without being in any position to weigh their relative credibility.
¶32 For example, the hearing examiner found:
¶33 1. That the marijuana in question was transferred from the Cascade County Sheriff’s office to the Missoula CIB office for storage during the regular course of the CIB’s responsibilities.
¶34 2. On the following day, Mark Brady assisted the Missoula County Sheriff’s Department in transferring the same marijuana from the CIB office to the County office for storage.
*86 ¶35 3. On the way from the CIB office in Missoula to the Missoula County storage office, Brady allowed a third person suspected of criminal activity to observe the marijuana in order to gain his trust.
¶36 4. At no time did Brady discuss the nature of the contraband with the third person; nor did he offer to sell it to him or indicate that it was for sale or would be for sale at any future time.
¶37 5. Because there was no offer to sell the contraband, nor any suggestion that it would ever be for sale, Brady did not conduct a “reverse” (the sale of contraband goods), nor a “flash” (a display to convey the impression the contraband will be available for sale).
¶38 6. Therefore, because the marijuana was simply displayed while in the protected care of law enforcement officers performing official business, nothing done by Brady was proscribed by federal, state, or local law.
¶39 All the hearing examiner’s findings were supported by substantial evidence. However, the Attorney General ignored the hearing examiner’s findings and made the following findings of his own which were critical to his rejection of the hearing examiner’s recommendation:
¶40 1. Brady’s act of displaying contraband to the third person was not a “scam,” as found by the hearing examiner, but a “reverse” operation.
¶41 2. “Reverse” operations justify a higher level of scrutiny than other undercover operations.
¶42 3. Brady’s contention that he displayed the marijuana to the third person for the sole purpose of proving he could be trusted is not credible.
¶43 4. Brady’s assertion that he did not intend to give the third person the impression he was involved in drug trafficking was not believable.
¶44 5. Brady’s assertion that displaying the marijuana was too insignificant to record in his daily activity reports was not believable.
¶45 6. The hearing examiner’s findings that Brady did not attempt to sell the marijuana and made no attempt to indicate that it was for sale were clearly erroneous.
¶46 7. The marijuana was displayed to give the impression that Brady was engaged in the sale of dangerous drugs, which is a violation of the law.
¶47 8. Although an officer may legally possess contraband if it is held for purposes of maintaining it as evidence or use in a criminal *87 prosecution pursuant to §§ 46-5-301 and -311, MCA, this marijuana was not simply possessed for the purpose of maintaining evidence.
¶48 9. Possession of marijuana in the amount possessed by Brady on the occasion in question would constitute a felony for any private citizen.
¶49 The Attorney General’s reasoning, accepted by the District Court and the majority of this Court, is that because a private citizen could not lawfully possess 134 pounds of marijuana, then Brady could not lawfully possess 134 pounds of marijuana, and his conduct when he possessed the marijuana without the Attorney General’s permission and displayed it to a third person, violated departmental policy. However, statutory law provides, and the Department agrees, that it is not unlawful for a law enforcement officer to possess contraband drugs for the purpose of storing and preserving them as evidence pending a criminal prosecution. Therefore, it cannot be unlawful for a law enforcement officer to transfer those same contraband drugs from one storage facility to another.
¶50 The Department contends that even though transportation of the marijuana might have been lawful, there is nothing in the law which permits a law enforcement official to display illegal drugs to a third person during the course of possession or transportation and, therefore, Brady’s lawful possession of the marijuana is transformed into an act which would have been unlawful had it been done by a private person. This type of reasoning seems disingenuous.
¶51 Instead, I would conclude that if Brady’s possession of the marijuana for the purpose of transportation was lawful, and if there is no statutory prohibition against displaying the drugs to a third person during the course of transportation, then the fact that he did so does not become unlawful simply because the drugs were displayed to a person who was being investigated for unlawful activity.
¶52 The critical factual issue was whether a third person was merely allowed to observe the drugs, or whether Brady engaged in a “reverse” operation by offering to sell the drugs, or a “flash” operation by inferring that the drugs were available for sale. That factual issue was decided by the hearing examiner who listened to the testimony and observed the demeanor of the witnesses in Brady’s favor. The Attorney General, without the same benefit of personal observation, reversed those findings and concluded they were clearly erroneous, even though they were supported by substantial evidence.
*88 ¶53 I conclude, therefore, based on the standard of review established in Brander, that the Attorney General abused his discretion and that the District Court erred when it affirmed the Attorney General’s order.
¶54 For these reasons, I dissent from the majority opinion. I would reverse the judgment of the District Court.
JUSTICE HUNT joins in the foregoing dissenting opinion.