No. 85-73

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

INTERSTATE BRANDS CORPORATION a/k/a
EDDY'S BAKERY,

        Plaintiff and Respondent,

-vs-

MAX E. CANNON d/b/a STATE SECURITY
ARMORED CAR SERVICE,

        Defendant and Appellant.

_____

APPEAL FROM:  District Court of the Fourth Judicial District,
              In and for the County of Missoula,
              The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Tipp, Hoven, Skjelset & Frizzell; Richard R. Buley,
        Missoula, Montana

    For Respondent:

        Garnaas, Hall, Riley & Pinsoneault; H. L. Garnaas,
        Missoula, Montana

_____

Submitted on briefs: Aug. 22, 1985

Decided: November 6, 1985

Filed: NOV 6 ˉ 1985

_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Max E. Cannon, d/b/a/ State Security Armored Car Service appeals from the judgment of the District Court, Fourth Judicial District, County of Missoula, awarding Interstate Brands Corporation, a/k/a Eddy's Bakery, hereinafter Interstate, contract damages in the sum of $6,385.39. We affirm.

During 1978, Cannon provided armored car service in and around the City of Missoula, Montana. Interstate was one of Cannon's customers. Cannon provided his services to Interstate pursuant to a written agreement which provided a description of the services to be rendered, the compensation to be paid and other matters including the rights, privileges and obligations of the parties. Neither party presented a copy of the written agreement into evidence. Milton L. Hanson, manager at Eddy's Bakery at the time, testified that he looked for the written agreement but could not find it. Cannon, however, did not express any reason for not having presented the agreement.

On October 20, 1978, and October 21, 1978, Interstate delivered 5 bags securely sealed to one of Cannon's drivers to be held and returned to Interstate on October 23, 1978. Neither the bags nor their contents were ever returned to Interstate. The bags disappeared under circumstances unknown to either party.

Interstate alleged the bags contained cash and checks. Hanson testified he did not put the cash and checks into the bags nor did he see anyone else put the cash and checks in the bags. Although Hanson was unable to testify as to the

contents of the bags from his own personal knowledge, he was able to determine their contents by having his staff review their records.

Interstate offered in evidence a document called a contract receipt which set forth the terms under which Interstate offered items to Cannon's care and the terms by which Cannon would receive goods and merchandise from Interstate. The contract receipt further provided that "State Security Armored Car Service in no event shall be liable for more than the value hereinbelow stated." The value stated was to be endorsed upon the contract receipt under the "said to contain" column.

The contract receipt showed that on October 20, 1978, and October 21, 1978, Cannon received 5 bags from Interstate and that Cannon's driver receipted for the 5 bags. There was no value stated under the "said to contain" columns endorsed upon the face of the document, nor did the document indicate directly or indirectly the contents, inventory or value of the items within the bags.

In its findings of fact and conclusions of law, the District Court made the following finding of fact:

> That the contract receipt sets forth the terms and conditions under which Defendant was to receive items for safe keeping and the liability for those items was agreed to be only to the amount declared or "stated." No value was declared or stated by Plaintiff when the Plaintiff presented the contract receipt to the Defendant's driver for his signature. The Defendant's driver did not point out to the Plaintiff that he was required to fill out the "Said to Contain" portion of the receipt and signed it without that having been properly filled out. That Defendant did not bring this requirement to the attention of his customers nor did he himself realize the importance of this provision until he found out he was not covered by insurance without this portion having been filled out.

Cannon raises only one issue on appeal: whether the District Court's conclusion that Cannon was liable to Interstate for damages for breach of contract is inconsistent with the court's finding that Cannon's liability was limited by the language of the contract receipt.

Cannon contends that since the District Court found that the contract receipt between the parties limited Cannon's liability to the amount stated in the receipt and no amount was stated therein, the court's judgment that Cannon was liable for damages to Interstate was in error. Interstate contends that the District Court impliedly found that since both Interstate and Cannon believed that filling out the "said to contain" column of the contract receipt was not required and not insisted upon, it was therefore waived.

Although the matter was never raised by the District Court or the parties, we find that the relationship between Interstate and Cannon constituted a bailment and that § 70-6-204, MCA, must be considered in determining the rights and liabilities of the parties. Many cases hold that where one person accepts from another a sealed or locked receptacle for safekeeping, carriage or other purposes and the transaction is principally concerned with the contents rather than the receptacle, the transaction should be regarded as a bailment of the contents as well as of the receptacle, the bailment of the later being regarded as only incidental. 8 Am.Jur.2d Bailment § 75.

Section 70-6-204, MCA, provides: "The liability of a depositary for negligence cannot exceed the amount which he is informed by the depositor or has reason to suppose the thing deposited to be worth." Although there are almost no Montana cases interpreting this code section, there is ample

- 4 -

California case law interpreting California Civil Code section 1840 from which § 70-6-204, MCA, was taken verbatim.

California has interpreted their statute to mean that the amount of damages recoverable for the loss of goods through the negligence of a bailee is limited to the value thereof as disclosed by the owner unless the bailee had reason to suppose that it was of greater or lesser value than it was in fact. Hoffman v. Eastman Kodak Co. (Cal. 1929), 278 P. 891; England v. Lyon Fireproof Storage Co. (Cal. 1928), 271 P. 532, 537. Section 70-6-204, MCA, however, consists of nothing more than a limitation of the general rule of contract damages. Hoffman, 278 P. at 891.

Section 70-6-204, MCA, has no application where the value of the goods bailed is not disclosed by the owner or where the bailee has no reason to suppose that they have any special value. Windler v. Scheers Jewelers (1970), 88 Cal.Rptr. 39; 47 Hoffman, 278 P. at 891. Under these circumstances the measure of damages is the actual value of the goods. Windler, 88 Cal.Rptr. at 47.

In the instant case, the contract receipt contained a limitation on the liability of the bailee, Cannon, to the amount stated which is consistent with the language of § 70-6-204, MCA. As stated in Windler, however, if the value is not stated the limitation in § 70-6-204, MCA, has no applicability. Likewise, because the value of the contents of the bags was not stated the language of limitation on Cannon's liability in the contract receipt also has no application to the case at hand.

In cases such as this the measure of damages is determined by § 27-1-311, MCA, which provides:

- 5 -

For breach of an obligation arising from contract, the measure of damages, except when otherwise expressly provided by this code, is the amount which will compensate the party aggrieved for all the detriment which was proximately caused thereby or in the ordinary course of things would be likely to result therefrom. Damages which are not clearly ascertainable in both their nature and origin cannot be recovered for a breach of contract.

Consistent with § 27-1-311, MCA, the District Court found, based on the testimony of Hanson regarding Interstate's business practices and the business records offered in evidence that the actual value of the cash and checks in the bags was $6,385.39, after adjustments for replaced checks and that Cannon was liable to Interstate for that amount.

The District Court also found that the contract receipt set forth that Cannon's liability was limited to the amount declared or stated. The Supreme Court, however, adheres to the doctrine of implied findings which states that where a court's findings are general in terms, any findings not specifically made, but necessary to the judgment, are deemed to have been implied, if supported by the evidence. Poulsen v. Treasure State Industries, Inc. (Mont. 1981), 626 P.2d 822, 827, 38 St.Rep. 218, 223; Ballenger v. Tillman (1958), 133 Mont. 369, 378, 324 P.2d 1045, 1050. In support of the trial court, this Court will apply the doctrine of implied findings so long as these findings are not inconsistent with express findings made. Crisse v. State Highway Commission (1966), 147 Mont. 374, 381, 413 P.2d 308, 313. Viewing the evidence in the light most favorable to Interstate, we hold that the express findings made by the District Court, the evidence of record and the above cited authority construing the California equivalent to § 70-6-204, MCA, all support the inference that the District Court impliedly found that the

- 6 -

language of limitation in the contract receipt had no application to this case. This implied finding is consistent with the express findings made by the District Court.

Rule 52(a), M.R.Civ.P. provides in part: "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." The Supreme Court may not substitute its judgment for that of the trial court. The presiding court is confined to determining if there is substantial credible evidence to support the findings of fact and conclusions of law. We view the evidence in the light most favorable to the prevailing party. General Mills Inc. v. Zerbe Bros., Inc. (Mont. 1983), 672 P.2d 1109, 1111, 40 St.Rep. 1830, 1833. In construing Rule 52(a) this Court has stated that on review, the trial court's judgment is presumed correct, and this Court will draw every legitimate inference to support that presumption. Poulsen v. Treasure State Industries, Inc., 626 P.2d at 827, 38 St.Rep. at 223; Madison Fork Ranch v. L & B Lodge Pole Timber Products (Mont. 1980), 615 P.2d 900, 906, 37 St.Rep. 1468, 1473.

From the foregoing it is evident that Cannon's reliance upon the failure of Interstate to fill in the "said to contain" column is misplaced. If Cannon's argument is carried to its logical conclusion, the inevitable result would be that Cannon would never be liable for the content's of bags not returned to customers when the amount was not filled in. We hold that there was substantial credible evidence to support the findings of fact and conclusions of law of the District Court. We affirm.

_____
                    Justice

We Concur:

_____
          Chief Justice

_____

_____

_____
             Justices

- 8 -