MR. JUSTICE SHEEHY,
dissenting:
I dissent.
I.
Proceedings to suspend the driver’s license of one who refuses to submit to a chemical test designated by the arresting officer (Section 61-8-402, MCA) and the right of appeal granted such driver (Section 61-8-403, MCA) are civil in nature. The proceedings therefore are governed by the Rules of Civil Procedure. Under Rule 52(a), M.R.Civ.P. “[findings of fact shall not be set aside unless clearly erroneous.” The majority opinion ignores this rule of appellate review, ignores the findings of fact made by the district judge who heard the witnesses, and makes no excuse for its ignoratio elenchi.
Following are the pertinent findings of fact made by the District Court:
“1. The petitioner is the President of the Dillon Jaycees. On October 10, 1984, he together with a number of his Jaycee associates were engaged in community service work, at the Club’s facilities at the Beaverhead County Fair Grounds. During the course of the evening, a quantity of beer was consumed — petitioner admitted to having “four or five beers.” However much was consumed did not affect the performance of their duties, and in fact petitioner secured the Fair Grounds facility, which involved among other acts, the intricate manipulation of a complicated bolt lock on a gate. Each of the members of the work party proceeded to their homes in separate vehicles. Petitioner departed the Fair Grounds at approximately 2 a.m. on October 11, followed by his companion.
“2. The petitioner’s route to his home involved stopping at a number of stop signs, including a railroad crossing. He proceeded north on Montana Street, followed by his companion, the latter confirming that all traffic laws were obeyed, and that petitioner was properly operating his vehicle. At a point near the 300 block of North Montana, the petitioner swerved into the south bound lane to avoid hit *33 ting a pedestrian. The following colleague noted the “swerve”, which was the only “erratic” maneuver in a dozen blocks.
“3. A Dillon Police officer, traveling south on the Montana Street also took note of the ‘swerve.’ The officer swore that there were multiple weavings in and out of petitioner’s lane, but admitted his view was somewhat obstructed by another car. In any case, the officer turned around and stopped petitioner a couple of blocks further north on Montana.
“5. This court makes no finding as to the evidence of sobriety, which may have been adduced at any time subsequent to the apprehension of petitioner. This court finds that the only issue to be determined in this proceeding is whether or not the officer had ‘reasonable’ grounds to believe that the petitioner was operating a motor vehicle while under the influence, prior to the time he stopped the suspect’s vehicle.” (Emphasis in original.)
The right of a police officer to make a warrantless arrest in Montana is defined by statute. Section 46-6-401(l)(d), MCA, provides that: “A peace officer may arrest a person when ... he believes on reasonable grounds that the person is committing an offense and the existing circumstances require his immediate arrest.” The District Court properly defined the issue in this case under the statute, and determined as a conclusion of law:
“The conflicting evidence is not sufficient to establish by preponderance of the evidence, that the arresting officer had reasonable grounds in initially believing that the Blake vehicle was being operated by one under the influence of alcohol on October 11, 1984.”
The recitation of facts contained in the majority opinion are at considerable variance from the findings of the District Court. It is the duty of this Court, in appellate review, either to accept the findings of fact by the District Court under Rule 52(a), M.R.Civ.P. or to set them aside as clearly erroneous. The majority opinion fails to set forth reasons of any kind why the findings of the District Court, apparently based on the credibility of the witnesses, should not be upheld by the majority. Only recently, this Court stated the rules with respect to findings of fact made by a District Court:
“Rule 52(a), M.R.Civ.P. provides in part: ‘Findings of fact shall not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.’ The Supreme Court may not substitute its judgment for that of the trial court. The presiding court is confined to determin *34 ing if there is substantial credible evidence to support the findings of fact and conclusions of law. We view the evidence in the light most favorable to the prevailing party. (Citation omitted.) In construing Rule 52(a) this Court has stated that on review, the trial court’s judgment is presumed correct, and this Court will draw every legitimate inference to support that presumption.” (Citations omitted.) Interstate Brands Corp. v. Cannon (Mont. 1985), [218 Mont. 380,] 708 P.2d 573, 576, 42 St.Rep. 1670, 1674.
II.
A particularized suspicion of some kind of wrongdoing, which we set out in State v. Gopher (Mont. 1981), 631 P.2d 293, 38 St.Rep. 1078, must still meet the “reasonable grounds” test for a warrantless arrest by a police officer under Section 46-6-401(l)(d), MCA. The Gopher test has two elements which the state must prove:
“Primarily applying the rules of Cortez, the State submits that sufficient particularized suspicion existed to justify the stop of defendant’s car. The State’s burden has two elements: (1) objective data from which an experienced officer can make certain inferences; and (2) a resulting suspicion that the occupant of a certain vehicle is or has been engaged in wrongdoing or was a witness to criminal activity . . .” 631 P.2d at 296, 38 St.Rep. at 1081.
In Gopher, the police officer had advance information that a crime had been committed and he was observing the actions of a slow moving automobile in a residential area. In the case at bar, the District Court found nothing more than vehicles in the line of traffic, with one of them making one swerve. The District Court determined that a single swerve of a vehicle to avoid hitting a pedestrian did not suffice to provide reasonable ground for a warrantless arrest in this case. Gopher did not suspend Section 46-6-401(l)(d), MCA as to the necessity for reasonable grounds for a warrantless arrest. If it did we don’t need a legislature to make laws.
III.
The majority opinion implies that the District Court did not rule on the sufficiency of the evidence to establish the police officer had “reasonable grounds” to believe petitioner was driving under the influence of alcohol. The foregoing recitations from the findings of fact and conclusions of law of the district judge belie that implication.
*35 IV.
More ominous to drivers under the enforcement of traffic laws in Montana, especially with reference to alcoholic driving, is the implication in the majority opinion that a police officer who has placed a driver under arrest may cause the eventual suspension of the driver’s license without regard to whether the arrest itself was lawful. Incredibly, the State has argued in this case that the question of the lawfulness of the arrest is not to be considered on review in this type of case and this Court, by implication, seems to agree. The State’s position is set forth in its reply brief:
“It is the State’s position that Officer Zeitner’s arrest of Blake was lawful and that the initial stop was based on a particularized suspicion of wrongdoing. (See Argument I., infra.) It is also the State’s response to Blake’s argument, however, that the lawfulness of any arrest does not fall within the purview of what a district court may review in determining whether license is properly suspended or revoked pursuant to the implied consent statute.”
Here the State is arguing that Section 61-8-403, MCA, providing for the right of a driver to appeal from the license suspension limits the District Court to “whether the officer had reasonable grounds to believe the person had been driving a motor vehicle upon the highways of the state open to the public while under the influence of alcohol, whether the person was placed under arrest, and whether such person refused to submit to the test.” The State contends that under the statute, the lawfulness of the arrest is not at issue, and if the defendant is in fact under arrest, whether lawfully accomplished or not, and refuses to submit to a chemical test of his sobriety, he loses his right to a driver’s license.
That narrow interpretation of Section 61-8-403, MCA, by the State is an issue that should be addressed by the majority and is not. The implication is left, however, from the facts of this case, that an unlawful arrest may still give rise to suspension of the driver’s license.
I would affirm the District Court.