FILED

06/11/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0460

DA 22-0460

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 128N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

BRANDON LEE BLACK,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Tenth Judicial District,
In and For the County of Fergus, Cause No. DC-2014-60
Honorable Jon A. Oldenburg, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Penelope S. Strong, Attorney at Law, Billings, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

      Kent M. Sipe, Fergus County Attorney, Jean Adams, Deputy County
Attorney, Lewistown, Montana

Submitted on Briefs:  May 15, 2024

Decided:  June 11, 2024

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Defendant and Appellant, Brandon Lee Black (Black), appeals from the June 30, 2022 Dispositional Order issued by the Tenth Judicial District Court, Fergus County. We affirm.

¶3 Black was originally sentenced on December 16, 2015, to the following: Count I Burglary—sentence deferred for a period of five years; Count II Criminal Mischief—6 months of incarceration; Count III Burglary—sentence deferred for a period of five years; Count IV Burglary—sentence deferred for a period of five years; Count V Burglary—five years to the Department of Corrections (DOC) with two of those years suspended; Count VI Criminal Mischief—sentence deferred for a period of five years; and Count VII Theft—6 months of incarceration. Black's deferred and suspended sentences were revoked on October 23, 2018, resulting in a two-year commitment to DOC on Count V and re-imposition of the deferred impositions of sentence on Counts I, III, IV, and VI. On December 9, 2021, the State filed a second Petition for Revocation supported by Probation and Parole's November 23, 2021 Report of Violation. (ROV). The ROV asserted five compliance violations and one non-compliance violation (absconding). In summary, it stated:

Probationer Black's adjustment to supervision has been poor. Probationer Black left his sober living without officer permission on July 10, 2021 to move in with his girlfriend. When Probationer Black was called into Probation Parole on July 12, 2021 to discuss his living situation, he reported he already moved out of her residence. When this Officer directed him back to the sober living, he reported he smoked THC and would not pass the drug test so he would be staying with friends. Probationer Black's residence has not been stable since moving out of sober living and failed to adhere to this Officers multiple directives to call in and report where he was staying. Probationer Black was given a MIIG response on October 27, 2021, after his landlord contacted this Officer reporting he was being kicked out of her residence and was using alcohol while he was still living there. Probationer Black came into this Officer's office under the influence of methamphetamine and THC, his attitude was negative towards any kind of substance abuse treatment and made jokes regarding his new conditions. Probationer Black reported several times that if he is placed on intensive supervision probation (ISP) he would not do it, believes treatment providers will not work with him because his beliefs about substance abuse, and does not believe in AA or NA. Due to Probationer Black's unwillingness to abide by his conditions and verbal indication he does not want to attend any substance abuse treatment offered in the community, it is clear that a community placement is not appropriate at this time.

¶4　Hearing on the revocation petition was held February 15, 2022, and on March 10, 2022, the District Court issued its written order concluding Black violated the terms and conditions of his deferred sentence as outlined in the November 23, 2021 ROV. Dispositional hearing was held June 21, 2022, and the District Court issued its Dispositional Order on June 30, 2022, revoking Black's deferred impositions of sentence and resentencing him as follows: Count I Burglary—four year DOC commitment; Count III Burglary—four year DOC commitment concurrent to Count I; Count IV Burglary—four year DOC commitment consecutive to Counts I and III; and Count VI Criminal Mischief—four year DOC commitment concurrent to Count IV, but consecutive

to Counts I and III. The District Court also credited Black with 268 days jail time served. Black appeals.

¶5 We review revocations of a suspended sentence for an abuse of discretion. *State v. Pennington*, 2022 MT 180, ¶ 16, 410 Mont. 104, 517 P.3d 894.

¶6 Black asserts the District Court erred in finding he absconded from supervision which he alleges triggered a non-compliance violation and imposition of more serious custodial sentences. The State counters that the District Court did not abuse its discretion when it concluded Black had absconded from supervision and, regardless of whether Black absconded, the District Court had the authority to revoke Black's deferred impositions of sentence and impose the sentences it did based on Black's compliance violations alone.

¶7 The Montana Intervention and Incentives Guide (MIIG) is used to guide community supervision of offenders with the goal of promoting accountability and long-term behavioral change. *State v. Oropeza*, 2020 MT 16, ¶ 5, 398 Mont. 379, 456 P.3d 1023. Montana law provides for two types of violations of conditions—compliance and non-compliance violations. Section 46-18-203(11)(b), MCA. A compliance violation is a violation of the conditions of supervision that is not:

> (i) a new criminal offense; (ii) possession of a firearm in violation of a condition of probation; (iii) behavior by the offender or any person acting at the offender's direction that could be considered stalking, harassing, or threatening the victim of the offense or a member of the victim's immediate family or support network; (iv) absconding; or (v) failure to enroll in or complete a required sex offender treatment program or a treatment program designed to treat violent offenders.

Section 46-18-203(11)(b), MCA. Pursuant to § 46-18-203(8)(c), MCA, for a compliance violation the court may revoke an offender's suspended sentence upon finding (1) the

4

offender violated the terms and conditions of the suspended sentence and (2) that "the offender's conduct indicates that the offender will not be responsive to further efforts under the incentives and interventions grid." Upon making these findings, a district court is authorized to sentence the offender as provided in § 46-18-203(7), MCA. Under § 46-18-203(7)(a)(iii), MCA, the court may revoke the prior suspended sentence and "require the offender to serve either the sentence imposed or any sentence that could have been imposed that does not include a longer imprisonment or commitment term than the original sentence."

¶8 Compliance violations do not bring immediate revocation of a deferred or suspended sentence but subject the offender to the appropriate intervention or incentive response under the MIIG; and it is only if the MIIG procedures have been exhausted and their violations documented or if the court finds that the offender's conduct indicates he or she will not be receptive to further efforts under the MIIG, that the court may revoke a suspended sentence. *City of Missoula v. Pope*, 2021 MT 4, ¶ 7, 402 Mont. 416, 478 P.3d 815 (citing § 46-18-203(8), MCA).

¶9 This Court "adheres to the doctrine of implied findings which states that where a court's findings are general in terms, any findings not specifically made, but necessary to the judgment, are deemed to have been implied, if supported by the evidence." *Interstate Brands Corp. v. Cannon*, 218 Mont. 380, 384, 708 P.2d 573, 576 (1985).

¶10 From our review of the record, it is undisputed that Black violated the terms of his supervision with employment, residence, drug use, and reporting violations. Probation and Parole had attempted intervention pursuant to the MIIG which was unsuccessful, Black's

conduct and attitudes were resistant to MIIG community-based treatment interventions such that Probation and Parole did not believe further efforts under the MIIG were appropriate. Even if, as asserted by Black, the evidence taken at the adjudicatory hearing did not support an absconding finding, the overwhelming evidence of compliance violations alone—combined with Black not being receptive to further efforts under the MIIG—made it clear that Black would not be responsive to further probationary efforts under the MIIG such that community placement was not appropriate. While the District Court could have been more thorough in its findings, the District Court's Dispositional Order strongly implied this finding, and it was supported by the evidence in the record.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE