No. 99-683

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 83

299 Mont. 178

998 P. 2d 541

---

IN THE MATTER OF THE GUARDIANSHIP

AND CONSERVATORSHIP OF ANTON GALI,

An incapacitated person.

---

APPEAL FROM: District Court of the Sixteenth Judicial District,

In and for the County of Powder River,

Honorable Gary L. Day, Judge Presiding

COUNSEL OF RECORD:

**For Appellant**:

Frank C. Richter, Richter, Torkelson, Hanson & Tucker,

Billings, Montana

**For Respondent:**

A. Lance Tonn, Lucas & Tonn, Miles City, Montana

---

Submitted on Briefs: March 9, 2000

Decided: April 4, 2000

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶1.Anton W. Gali appeals an order of the Sixteenth Judicial District Court, Powder River County, which refused his request to substitute two new guardians and conservators for those previously appointed for him. We affirm.

¶2.The issues are:

¶3.a Did the District Court err in refusing to remove the present guardians and conservators and appoint new ones?

¶4.b Do the present guardians and conservators have authority to terminate legal representation for Gali?

¶5.c Does venue for this action lie in Yellowstone County?

¶6.In May 1998, two of 82-year-old Anton W. Gali's six adult children petitioned to be appointed as his guardians and conservators, asserting that his advancing age and bipolar mental disorder rendered him an incapacitated person. The District Court appointed an attorney to represent Gali and a physician to examine him. Following a hearing, the petitioning children were appointed as Gali's co-guardians and conservators and were ordered to file annual financial accountings with the court.

¶7.In March 1999, Gali, through his appointed counsel, moved the court for termination of his incapacity or, in the alternative, for removal of his co-guardians and conservators and appointment of others to serve in those capacities. By the time of the September 1999 hearing on the motion, however, Gali had become quite ill and conceded that continuation of a guardianship and conservatorship was appropriate. At the hearing, Gali's counsel argued only for the appointment of new guardians and conservators, based upon Gali's unhappiness with his son and daughter's performance in those roles. Specifically, counsel presented evidence that prior to Gali's most recent illness, he felt that his son and daughter

did not communicate with or visit him enough, provide him with enough spending money, or forward his mail to him promptly enough.

¶8.At the conclusion of the hearing, the court denied the request for appointment of new guardians and conservators. The court stated that Gali had not proven that his present guardians and conservators had failed to act in an appropriate fashion. Gali appeals.

Issue 1

¶9.Did the District Court err in refusing to remove the present guardians and conservators and appoint new ones?

¶10.Under Rule 52(a), M.R.Civ.P., this Court reviews a district court's findings of fact to determine whether they are clearly erroneous. Findings are clearly erroneous if they are not supported by substantial evidence, if the trial court has misapprehended the effect of the evidence, or if this Court is left with a definite and firm conviction that a mistake has been committed. *Interstate Production Credit v. DeSaye* (1991), 250 Mont. 320, 323, 820 P.2d 1285, 1287. We review conclusions of law to determine whether they are correct. *Steer, Inc. v. Department of Revenue* (1990), 245 Mont. 470, 474, 803 P.2d 601, 603.

¶11.As indicated above, the issue at the hearing on Gali's motion was limited to whether the co-guardians and conservators should be substituted. Gali contends that there was evidence in the record which would have supported findings that his son and daughter did not meet their duties to act in his best interests. However, the existence of evidence which might support a finding does not require a district court to make that finding. *Yellowstone Basin Properties, Inc. v. Burgess* (1992), 255 Mont. 341, 352, 843 P.2d 341, 348.

¶12.Gali's sister, whom he proposed as a substitute guardian and conservator, testified on his behalf. While she took exception to some of the interpersonal relations between Gali and his co-guardians and conservators, the court found that this fell short of grounds for their removal. The record reflects, and the court found, that Gali's sister also opined that the co-guardians and conservators were doing a good job of running Gali's ranch, managing corporate affairs for the ranch, and managing Gali's financial affairs. The court further found, and the record supports the finding, that Gali's expert psychiatric witness acknowledged that given his illness and all of the extenuating circumstances, Gali would have most likely been unhappy with the actions of any guardian and conservator and any financial limits which may have been placed upon him. The court found that no

substantive proof had been produced of any misconduct by the co-guardians and conservators in the performance of their duties. These findings are supported by substantial evidence and are not otherwise clearly erroneous.

¶13. The District Court concluded that the present co-guardians and conservators had appropriately performed their duties, and did not terminate their appointment. We hold that these conclusions of law were correct and that the District Court did not err in refusing to remove the present guardians and conservators and appoint new ones.

## Issue 2

¶14. Do the present guardians and conservators have authority to terminate legal representation for Gali?

¶15. Gali's counsel states that after the District Court denied his request for a change in guardians and conservators, he received a letter from the co-guardians and conservators notifying him that his services are no longer needed. Citing *Matter of Simmons* (1985), 215 Mont. 463, 698 P.2d 850, which was an appeal of involuntary commitment orders, he asks this Court to hold that Gali is entitled to counsel at all times he is incapacitated and to order the co-guardians and conservators to pay his fees for representing Gali, including this appeal.

¶16. Because termination of the services of Gali's court-appointed attorney was not undertaken until after the decision on Gali's motion, this issue was neither presented to nor decided by the District Court. As such, it is not properly an issue for this appeal. *See, e.g., Matter of Guardianship and Conservatorship of Estate of Tennant* (1986), 220 Mont. 78, 82, 714 P.2d 122, 125.

¶17. We therefore decline to further consider this issue.

## Issue 3

¶18. Does venue for this action lie in Yellowstone County?

¶19. Section 72-5-311, MCA, provides that venue for guardianship proceedings for an incapacitated person is in the place where the person resides or is present. Section 72-5-323, MCA, provides that in subsequent proceedings the court for the county in which a ward resides has concurrent jurisdiction with the court which appointed a guardian.

Section 72-5-407, MCA, provides that venue for conservatorship proceedings is in the place where the protected person resides, whether or not the guardian has been appointed in another place.

¶20.Gali does not argue that the hearing from which this appeal is taken was held in an improper venue. Rather, he asks that if this Court remands this matter for further hearings, we find that the case should be removed to Yellowstone County, where Gali was residing at the time of the hearing on his motion and when this appeal was briefed. The respondents argue to the contrary that Gali is only temporarily residing in Yellowstone County for medical treatment and that Powder River County remains his permanent place of residence.

¶21.Like Issue 2, this issue was not raised before the District Court. Additionally, inasmuch as proper venue depends on where Gali resides, it would be improper for this Court to rule on the question prospectively. We therefore decline to consider this issue further.

¶22.Affirmed.

/S/ J. A. TURNAGE

We concur:

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART