No. 03-330

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 181N

IN RE THE MARRIAGE OF KORDETTE B. TIPPS,
n/k/a KORDETTE K. MAGER,

        Petitioner and Respondent,

    and

GREGORY L. TIPPS,

        Respondent and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
                    In and for the County of Lake, Cause No. DR 2000-167
                    The Honorable Deborah Kim Christopher, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Robert Terrazas, Justin Starin, Terrazas Law Offices, Missoula Montana

        For Respondent:

                Evonne Smith Wells, Attorney at Law, Missoula, Montana

                    Submitted on Briefs:  October 2, 2003

                            Decided:   July 13, 2004

Filed:

_____
                         Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1　　Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2　　Gregory L. Tipps (Tipps) filed a Motion in the Twentieth Judicial District Court, Lake County, seeking to replace the Guardian *Ad Litem* Charles Wall (Wall) appointed by the court to represent his children's interests in the ongoing custody dispute between Tipps and his ex-wife and mother of the children, Kordette Mager (Mager). The District Court denied Tipps' Motion and ordered Tipps to pay Mager's and Wall's attorney's fees that were associated with the Motion to Replace.  Tipps appeals.  We affirm in part and reverse and remand in part.

## ISSUES

¶3　　The issues before this Court are:  1) whether the District Court erred in denying Tipps' Motion to Replace the Guardian *Ad Litem* of the children, and 2) whether the District Court abused its discretion when it ordered Tipps to pay Mager's and Wall's attorney's fees. Additionally, Mager argues that the District Court's Order denying Tipps' Motion is not an appealable order.

2

**FACTUAL AND PROCEDURAL BACKGROUND**

¶4 Tipps and Mager were divorced in July 2000. As a result on the ongoing custody dispute over their three children, the District Court appointed Wall as the guardian *ad litem* of the children on July 24, 2001. Wall subsequently submitted a proposed interim parenting plan that was adopted by the court on November 25, 2002. Under this plan, Tipps and Mager have joint custody on a rotating schedule of primary parenting and weekend visitation. Both parties continue to follow the parenting plan and neither has sought to modify it.

¶5 On February 14, 2003, Tipps moved to replace Wall as guardian *ad litem*. Tipps maintained in his affidavit that Wall was prejudicial, unprofessional and was not exercising his authority in a manner that was in the children's best interest. After all parties filed responsive and reply briefs, the District Court denied the Motion and ordered Tipps to pay Mager's and Wall's costs in responding to the Motion. Tipps filed a timely appeal.

**STANDARD OF REVIEW**

¶6 This Court reviews a district court's determination of whether to remove or replace a guardian *ad litem* for error. *See In Re B.P.*, 2000 MT 39, ¶ 42, 298 Mont. 287, ¶ 42, 995 P.2d 982, ¶ 42, and *In re Guardianship of Gali*, 2000 MT 83, ¶ 9, 299 Mont. 178, ¶ 9, 998 P.2d 541, ¶ 9. We review a district court's award of attorney fees in a dissolution action to determine whether the court abused its discretion. A district court has abused its discretion if its award of attorney fees is not supported by substantial evidence. *In re Marriage of Harkin*, 2000 MT 105, ¶ 70, 299 Mont. 298, ¶ 70, 999 P.2d 969, ¶ 70 (citation omitted).

**DISCUSSION**

3

¶7     The first issue we address is whether the District Court's Order is an appealable order. Mager maintains that the Order refusing to remove or replace the guardian *ad litem* is not "a final judgment" or a "special order made after final judgment," and, as a result, under Rule 1, M.R.App.P., we do not have jurisdiction to hear this appeal.

¶8     Rule 1, M.R.App.P. defines from what judgment or order an appeal may be taken. It states in pertinent part:

> (b)  In civil cases a party aggrieved may appeal from a judgment or order, except when expressly made final by law, in the following cases:
>
> (1) From a final judgment entered in an action or special proceeding commenced in a district court, or brought into a district court from another court or administrative body.
>
> (2)  From an order granting a new trial; or refusing to permit an action to be maintained as a class action; or granting or dissolving an injunction; or refusing to grant or dissolve an injunction; or dissolving or refusing to dissolve an attachment; from an order changing or refusing to change the place of trial when the county designated in the complaint is not the proper county; from an order appointing or refusing to appoint a receiver, or giving directions with respect to a receivership, or refusing to vacate an order appointing or affecting a receiver; from an order directing the delivery, transfer, or surrender of property; from any special order made after final judgment; and from such interlocutory judgments or orders, in actions for partition as determine the rights and interests of the respective parties and direct partition to be made. In any of the cases mentioned in this subdivision the supreme court, or a justice thereof, may stay all proceedings under the order appealed from, on such conditions as may seem proper.
>  . . .

¶9     We have defined a final judgment previously as "one which constitutes a final determination of the rights of the parties; any judgment, order or decree leaving matters

4

undetermined is interlocutory in nature and not a final judgment for purposes of appeal." *B.P.*, ¶ 15 (citation omitted).

¶10　Mager cites *In Re D.A.*, 2003 MT 109, 315 Mont. 340, 68 P.3d 735, as authority for the proposition that a temporary custody order does not constitute a final determination of the rights of the parties. She also relies upon *Lee v. Lee*, 2000 MT 67, 299 Mont. 78, 996 P.2d 389, wherein we held that the "family law" exception may allow for a direct appeal of a contempt order issued in a marital dissolution proceeding when the judgment appealed from also includes an ancillary order which affects the substantial rights of the involved parties. *Lee*, ¶ 37.

¶11　Tipps counters that neither *D.A.* nor *Lee* is applicable. He explains that *D.A.* involves a temporary custody order and *Lee* addresses a contempt order. We agree that both *D.A.* and *Lee* are distinguishable and inapposite, as they do not address the issue presented here--*i.e.*, the appealability of an order refusing to replace a guardian *ad litem*.

¶12　While domestic relations cases frequently involve multiple filings and resulting interim orders addressed to such issues as parenting plans, visitation, child support and the like, in this case there are no other pending issues. The parties have proceeded under a parenting plan that has been in place since November, 2002, and neither has sought to modify it. Thus, the sole issue in the matter is the issue before us. Given this, and because the Order of the District Court is a final determination, we will address the merits of the District Court's Order on replacement of the guardian and the propriety of attorney's fees.

5

¶13     Tipps argues that the District Court erred in refusing to remove Wall as guardian *ad litem*. Tipps relates five specific instances that caused him to be "troubled by the Guardian's performance." Without recounting the individual events, Tipps' chief concern is that he views Wall as unprofessional, prejudicial against Tipps' interests and biased in favor of Mager. Tipps considers the continuation of Wall as guardian *ad litem* an interference with his fundamental and constitutionally protected right to parent his children. He further avers that Wall failed to properly carry out his duties as guardian *ad litem*.

¶14     Mager, on the other hand, maintains that the guardian has performed the statutorily-required duties and that nothing in Tipps' affidavit indicates that he has not. Citing *In Re B.P. and A.P.*, 2001 MT 219, 306 Mont. 430, 35 P.3d 291, she asserts that the District Court determines whether or not to remove a guardian *ad litem* based upon whether the guardian *ad litem* has performed his or her duties as obligated under the applicable statute. *B.P. and A.P.*, ¶¶ 20 and 23. She maintains that because the record in the case at bar clearly reflects that Wall has performed his duties as set out under Montana law, the District Court did not err in allowing Wall to retain his role as guardian.

¶15     Moreover, when subjective accusations are leveled against a guardian, such as bias or a poor relationship with the children the guardian is appointed to represent, the District Court will look at whether the record supports such allegations. *B.P. and A.P.*, ¶ 23.

¶16     The District Court appointed Wall pursuant to its discretion and authority under § 40-4-205. Section 40-4-205(2)(a)-(e), MCA, defines a guardian *ad litem*'s duties. It provides:

(2)  The guardian ad litem has the following general duties:

6

(a) to conduct investigations that the guardian ad litem considers necessary to ascertain the facts related to the child's support, parenting, and parental contact;

(b) to interview or observe the child who is the subject of the proceeding;

(c) to make written reports to the court concerning the child's support, parenting, and parental contact;

(d) to appear and participate in all proceedings to the degree necessary to adequately represent the child and make recommendations to the court concerning the child's support, parenting, and parental contact; and

(e) to perform other duties as directed by the court.

¶17 Neither this statute nor other statutes authorizing the appointment of guardians *ad litem* provide for the statutory removal of the guardian. *See* §§ 25-5-301, 41-3-112, and 41-5-1411, MCA. Therefore, as noted by Mager, when reviewing the correctness of a district court's decision on granting or denying a motion to remove a guardian who has been appointed under § 40-4-205, MCA, we determine whether the guardian has performed the duties required under the statute. In the case before us, Tipps has advanced no argument that Wall has failed to perform any duties set forth in § 40-4-205(2)(a)-(e), MCA. Under Rule 23(a)(4), M.R.App.P., an appellant is required to present an argument containing his or her contentions with respect to the issues presented and the reasons for such contentions. Additionally, the appellant must also present a well-reasoned argument citing authority, statutes and the pages of the record relied upon. It is not this Court's duty to guess the positions of parties or to construct arguments on their behalf. *See Harland v. Anderson Ranch Co.*, 2004 MT 132, ¶ 33, 321 Mont. 338, ¶ 33, ___ P.3d ___, ¶ 33. Therefore,

7

because Tipps failed to allege that Wall did not comply with the statute, we will not conclude that Wall has done so.

¶18    As for Tipps' allegations of unprofessionalism, the record supports Tipps' claim that Wall used profanity when addressing Tipps' mother, and removed one of the children from school without Tipps' knowledge. While the District Court reprimanded Wall and instructed that he refrain from using profanity when dealing with the parties or their family members, the District Court, nonetheless, chose not to remove Wall as guardian despite these examples of alleged unprofessionalism. The District Court's Order contains no factual findings or analysis. As a result, we do not know the court's rationale for its decision, but based on the record before us we cannot conclude that the District Court erred in choosing not to remove Wall. Moreover, it appears that Wall's actions are being closely monitored as required under *Girard v. Williams*[1], 1998 MT 231, 291 Mont. 49, 966 P.2d 1155, so that Tipps' constitutional parental rights are not being inappropriately impinged. The record indicates that counselors, the District Court, and the Department of Public Health and Human Services have been frequently involved in the lives of this family. As such, there appears to be adequate oversight. Tipps and Mager both must recognize that Wall's responsibility is to

---

[1]    In *Girard*, we recognized longstanding Montana law that "a parent's right to the custody of his or her natural child . . . is a fundamental, constitutionally protected right." We further cautioned that "the ability of a third party [be it an individual or a state agency] to interfere with the natural parent-child relationship must be closely monitored." *Girard*, ¶ 16 (citations omitted).

represent the children and to make decisions that are in the children's best interests. It is likely that, at times, Wall's decisions will appear to favor Mager, and at other times, Tipps.

¶19 However, we cannot affirm the District Court's Order awarding attorney's fees to Mager. Under § 40-4-110(1), MCA, a court "from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under chapters 1 and 4 and for professional fees, including sums for legal and professional services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment." We held in *Harkin* that a district court's award of attorney fees in a dissolution action must be "reasonable, necessary, and based on competent evidence." *Harkin*, ¶ 72 (citation omitted).

¶20 From the court's spartan order, we cannot ascertain whether the award was reasonable or necessary, or whether or not it was a sanction. Furthermore, there is nothing in the record to suggest that the parties presented evidence regarding the appropriateness of requiring Tipps to pay Mager's and Wall's legal costs, nor is there evidence that the District Court considered the financial resources of the parties prior to issuing its Order.

¶21 We have held that the district court must conduct a hearing allowing for "oral testimony, the introduction of exhibits, and an opportunity to cross-examine in which the reasonableness of the attorney fees claimed is demonstrated." *Harkin*, ¶ 72. Mager argues that because Tipps did not object to the reasonableness of the fees, a district court hearing to determine the reasonableness was not held. Under *Harkin*, however, the burden is not on Tipps to object to the reasonableness of attorney's fees imposed *prior* to a hearing on the

9

reasonableness of such fees. It is the district court's duty to hold such a hearing before imposing attorney's fees. The court's failure to comply with these requirements was an abuse of its discretion.

¶22 For the foregoing reasons, we affirm the District Court's decision to deny Tipps' motion to remove the guardian. We reverse the District Court's Order requiring Tipps to pay Mager's and Wall's attorney's fees and remand for the court to receive evidence and conduct a hearing on the reasonableness and necessity of awarding such fees.

/S/ PATRICIA O. COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART