FILED

12/27/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0284

DA 16-0284

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 339N

IN THE MATTER OF THE CONSERVATORSHIP
OF J.J.W.,

    An Incapacitated Person.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DG 15-0027
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        John R. Christensen, Timothy A. Filz, Joseph L. Breitenbach, Christensen
Fulton & Filz, PLLC, Billings, Montana

    For Appellee:

        John M. Van Atta, Patten, Peterman, Bekkedahl & Green, PLLC, Billings,
Montana
        (*Attorney for Carol Daniel*)

        Jon Doak, Doak & Associates, P.C., Billings, Montana
        (*Attorney for Roger Daniel*)

        Jack E. Sands, Sands Law Office, Billings, Montana
        (*Attorney for J.J.W.*)

Submitted on Briefs:  November 16, 2016

Decided:  December 27, 2016

Filed:

                              Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Kim Wallinder Moffet appeals an order of the Thirteenth Judicial District Court, Yellowstone County, dismissing her petition for conservatorship of her mother, J.J.W. We address whether the District Court erred by denying Moffet's petition. We affirm.

¶3 In March 2015, Moffet filed a petition for conservatorship in the District Court, seeking to appoint a third-party conservator for J.J.W. J.J.W. and her other daughter, Carol Daniel, opposed the petition. In September 2015, Moffet moved for partial summary judgment that J.J.W. met the first prong of the test for appointing a conservator, set forth in § 72-5-409(2), MCA. Section 72-5-409(2), MCA, provides:

> Appointment of a conservator . . . may be made in relation to the estate and affairs of a person if the court determines that:
> (a) The person is unable to manage the person's property and affairs effectively for reasons such as mental illness, mental deficiency, physical illness or disability, advanced age . . . ; and
> (b) the person has property that will be wasted or dissipated unless proper management is provided . . . .

In December 2015, the District Court granted Moffet's motion, finding that J.J.W. "is afflicted with a mental condition due to her advanced age that requires she be assisted with decisions that are of significant consequence." The District Court then held a hearing on the second prong of § 72-5-409(2), MCA: whether J.J.W. "has property that

2

will be wasted or dissipated unless proper management is provided." At the conclusion of Moffet's case-in-chief, Daniel moved for summary judgment on the basis that Moffet did not produce sufficient evidence to show J.J.W.'s assets will be wasted or dissipated. J.J.W. joined Daniel's motion, which the District Court reframed as a motion for a directed verdict. The District Court granted Daniel's motion and dismissed Moffet's petition. Moffet appeals.

¶4 On appeal, the parties dispute the standard of review because they dispute the effect of the District Court's ruling. Moffet refers to the District Court's decision as a judgment as a matter of law, whereas Daniel refers to it as a judgment on partial findings. M. R. Civ. P. 50(a)(1) provides that a district court may grant judgment as a matter of law against a party if the party "has been fully heard on an issue *during a jury trial* and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." (Emphasis added.) This was not a jury trial. Therefore, M. R. Civ. P. 50(a)(1) does not apply. M. R. Civ. P. 52(c) provides:

> If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. . . . A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

Because this was a nonjury trial, and Moffet presented all of her evidence before the District Court ruled on Daniel's motion, M. R. Civ. P. 52(c) applies. We therefore treat the District Court's decision as a judgment on partial findings.

3

¶5     A district court's findings of fact, "whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility." M. R. Civ. P. 52(a)(6). A finding is clearly erroneous if it is not supported by substantial evidence, if the district court misapprehended the effect of the evidence, or if this Court is left with a definite and firm conviction that the district court made a mistake. *In re Guardianship & Conservatorship of Gali*, 2000 MT 83, ¶ 10, 299 Mont. 178, 998 P.2d 541. We review a district court's conclusions of law for correctness. *Gali*, ¶ 10.

¶6     Although the District Court did not issue written findings of fact, "[w]e have . . . long adhered 'to the doctrine of implied findings[,] which states that where a court's findings are general in terms, any findings not specifically made, but necessary to the judgment, are deemed to have been implied, if supported by the evidence.'" *Brunette v. State*, 2016 MT 128, ¶ 36, 383 Mont. 458, 372 P.3d 476 (quoting *Interstate Brands Corp. v. Cannon*, 218 Mont. 380, 384, 708 P.2d 573, 576 (1985)). Under this doctrine, we often consult hearing transcripts. *See Brunnette*, ¶ 36. Throughout the hearing, the District Court repeatedly doubted Moffet's assertions. For example, when Moffet argued that a lack of transparency regarding J.J.W.'s finances was in and of itself mismanagement of her assets, the District Court responded: "that may be a leap." When Moffet argued that J.J.W.'s accountant "is being paid 450 bucks a month to do nothing," the District Court stated: "Well, I think that's—might be a little stretch. He's obviously doing something . . . ." The District Court warned Moffet that she would need to present more than mere suspicions, stating: "just because you say it doesn't mean it's so."

4

Ultimately, the District Court found that Moffet relied almost entirely on her suspicions, summarizing her argument as: "where there's smoke, there's fire." Although the District Court's stated findings at the conclusion of the hearing were general in terms, the District Court implicitly weighed the evidence Moffet presented and found that she did not back her assertions up with concrete evidence. This was well within the District Court's province as the trier of fact. *See Swain v. Battershell*, 1999 MT 101, ¶ 39, 294 Mont. 282, 983 P.2d 873 ("The credibility of witnesses and the weight to be afforded their testimony is a matter left to the sound discretion of the District Court.").

¶7 Although Moffet alleges that she presented "indisputable evidence" showing that § 72-5-409(2)(b), MCA, was met, the evidence she points to does not clearly contradict the District Court's findings. Moffet contends the following facts are sufficient to meet § 72-5-409(2)(b), MCA: that Daniel assisted J.J.W. in selling her insurance business to Daniel's son and "did everything in her power" to prevent Moffet from learning the details of that transaction; that J.J.W.'s accountant, despite being paid $450 per month, was behind in filing J.J.W.'s taxes and made mistakes when he did file them; and that "[u]pon receiving demands for transparency from counsel for [Moffet], J.J.W.'s attorney communicated those demands directly" to Daniel and her son without discussing them with J.J.W. Much of Moffet's argument relies on an alleged absence of transparency; at the hearing, the District Court rejected Moffet's argument that a lack of transparency shows mismanagement. Moffet has not shown that the District Court clearly erred in making this finding. Nor has she shown that any of her other alleged facts *will* result in waste or dissipation of J.J.W.'s assets.

5

¶8     In *In re Conservatorship of Kovatch*, 271 Mont. 323, 896 P.2d 444 (1995), we affirmed a district court's finding that one sibling produced insufficient evidence to show that another sibling's management of an incapacitated person's estate was resulting in waste or dissipation of assets. As in *Kovatch*, there is no dispute that J.J.W. lacks the capacity to manage her property and affairs. Also as in *Kovatch*, Moffet has not shown that the District Court clearly erred in finding she did not meet her burden of proof under § 72-5-409(2)(b), MCA. Therefore, the District Court did not err in issuing a judgment on partial facts pursuant to M. R. Civ. P. 52(c), and did not err in dismissing Moffet's petition for conservatorship of J.J.W.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct, and its findings of fact are not clearly erroneous. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ JIM RICE
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ BETH BAKER

6